DOMENGEAUX, Judge.
This rear-end collision tort suit was before us previously. In an unpublished opinion, authorized by Rule XII-A of the Uniform Rules, Courts of Appeal, and handed down March 7, 1978, we affirmed a unanimous jury verdict in favor of the defendants. Therein we stated, in pertinent part:
“Applying the rationale of Canter v. Koehring Company, 283 So.2d 716 (La.1973) our review of the record leads us to conclude that there is no manifest error or abuse of discretion on the part of the jury in holding for the defendants. Considering particularly the testimony of Do-mingue and Bearb, together with that of the expert Mel Falgout, the jury could reasonably have concluded that the defendant vehicle was possessed of a latent defect in the braking system which was not readily discoverable nor reasonably anticipated.”
The Louisiana Supreme Court granted writs, 359 So.2d 1303 (La.1978), and ultimately reversed us in part. Areeneaux v. Domingue, et al., 365 So.2d 1330 (La.1978). This case is now before us on remand with instructions to fix the amount of damages in favor of plaintiff, James S. Areeneaux, and against the defendants, Drew Do-mingue and Allstate Insurance Company.
We are at a disadvantage in determining damages in this case because the jury, having found in favor of the defendants originally, made no factual findings with reference to damages. We, in effect, are in the position of making the original determination in this regard, even though we do not have the benefit of personally viewing the witnesses. Damages, therefore, must be fixed according to the manner in which the evidence in the transcript impresses us.
*1263 Plaintiff, while stopped behind a line of traffic on November 22, 1975, was struck from the rear by the defendant, Domingue. The impact was relatively light, and plaintiff drove his vehicle away from the scene of the accident. At the time of the accident, he was approximately forty years old.
Plaintiff sought no medical attention until December 9, 1975, at which time he presented himself to Dr. Ernest W. Kin-ehen, Jr., a general surgeon, complaining of neck and back pain. After the first visit, Doctor Kinchen saw plaintiff again on December 10, 1975, and for the last time on December 15, 1975. A review of Doctor Kinchen’s testimony indicates that there were minimal problems in the neck area. At trial the doctor stated that, in view of plaintiff’s complaints, and following his examinations, there was a possibility of a slipped disc at the L-4-5 level. He presumably considered this possibility because “there seemed” to be some positive findings upon administering the left leg raising test, although the neurological examination of the reflexes was normal. The doctor had x-rays taken, which were normal. He prescribed Tylenol, a non-prescription medication, which, according to the doctor, is similar to aspirin and has about the same potency. He also prescribed a lumbo-sacral support, but there is no evidence that plaintiff wore it. Doctor Kinchen gave plaintiff a return appointment, but it was never kept. Doctor Kinchen also stated that plaintiff told him of a previous accident in which he was involved about six years before the accident of November 22,1975, and that he suffered some stiffness in his neck and back area from the earlier accident. The doctor did state, however, that plaintiff complained after the 1975 accident of numbness in his left leg if he sat too long, which complaints were different from those made previously.
Plaintiff sought no further medical attention for approximately seven months. His attorney referred him to Dr. Charles A. Borne, a neurosurgeon, who first saw plaintiff on July 6, 1976, and again on August 24, 1976, January 4, 1977, March 1, 1977, and for the last time on June 16, 1977. Doctor Borne stated that plaintiff had both a cervical and a lumbar spondylosis. He testified that spondylosis is a term which is employed to indicate degenerative changes in the spine. Basically, it refers to a normal aging process which occurs from wear and tear throughout an individual’s life. He thought that the spondylosis was aggravated by trauma, and, based upon what plaintiff told him, the trauma he referred to was the accident of November 22, 1975. The doctor said, however, that it was possible that it could have been aggravated by other trauma or by straining in lifting a heavy weight. Of course, the spondylosis itself predated the accident in question.
Doctor Borne, from his examinations, implied that plaintiff’s signs and symptoms indicated that plaintiff had a lumbar ruptured disc; however, he could not say definitely that plaintiff actually had a disc problem. He recommended that plaintiff undergo a myelogram. Even though one was arranged, plaintiff, nevertheless, refused to undergo it. Doctor Borne also recommended that plaintiff have an electromyo-gram, which was also refused. These procedures are designed to show the existence of an impaired disc. Doctor Borne stated that he would not operate on the plaintiff unless his suspicions were borne out by either a myelogram or an electromyogram.
X-rays of the lumbo-sacral spine revealed no anteroposterior disalignment, but did show a mild hypertrophic disease (osteo-ar-thritis) in the area of the 4th and 5th lumbar vertebrae. The vertebrae otherwise appeared normal in contour, structure, and dimensions, and the disc spaces were of average height.
The record indicates that the plaintiff was examined by Dr. Richard Levy, a neurosurgeon, on behalf of the defendants. That doctor did not testify either at trial or by deposition, nor were any reports submitted in lieu thereof. Counsel for plaintiff points out that in such a case, the presumption that the doctor’s testimony would be *1264 adverse to defendants, applies. Although this may be true, such a presumption is merely a factor to be considered along with the other evidence in determining the facts.
An overview of the entire record, including all lay and medical testimony, does not satisfy us that the plaintiff has sufficiently proven that he has suffered a ruptured or slipped lumbar disc. It does seem likely, however, that he suffered an aggravation of a pre-existing spondylosis and/or an aggravation of a pre-existing osteo-arthritic condition.
Plaintiff is an automobile mechanic and his work included lifting, especially when changing transmissions. He worked in his trade until about two months before the trial of this matter, which was commenced on .June 28, 1977. He attempted to show that he could only do light mechanic work, but there is some evidence in the record to the effect that he was performing his regular trade functions at some time during the seven month period in which no medical assistance was sought.
Plaintiff’s evidence as to his earnings pri- or to and after the accident is not impressive.
Considering all aspects of this case, we feel that an award of $10,000.00 would adequately compensate plaintiff for his injury, including pain, suffering, disability, and loss of wages.
Additionally, plaintiff is to be awarded the sum of $711.53, representing damages to his vehicle. Doctor Kinchen’s bill was $51.00, and Doctor Borne’s bill was $105.00. These amounts will be awarded to plaintiff also.
In the trial court judgment, the District Judge fixed the expert witness fees, to be assessed as costs, in the amount of $200.00 for Doctor Borne, $100.00 for Doctor Kin-chen, and $35.00 for Mr. Falgout, the brake expert who testified. These amounts are affirmed as costs.
Jimmy Bearb, the owner of the Arcen-eaux vehicle, was exonerated by the trial jury, and our affirmation to that extent was approved by the Louisiana Supreme Court. Consequently, we therefore reaffirm the District Court judgment insofar as it held Jimmy Bearb not liable.
For the above and foregoing reasons, it is now Ordered that there be judgment in favor of plaintiff, James S. Arceneaux, and against defendants, Drew Domingue and Allstate Insurance Company, in solido, in the full sum of $10,867.53, together with legal interest thereon from date of judicial demand until paid.
All trial and appellate costs are assessed against defendants, Drew Domingue and Allstate Insurance Company.

DISTRICT COURT JUDGMENT AF-. FIRMED IN PART, REVERSED IN PART, AND RENDERED.