GUIDRY, Judge.
In this tort action, Dr. James J. McGee and Kelly McGee[1], individually and as administrators of the estate of their minor son, Casey McGee, seek to recover damages resulting from an intersectional automobile collision. Mrs. Carol Steyer Boulnois and her insurer, State Farm Mutual Automobile Insurance Company, are named as defendants. The case was tried to a twelve-person jury which rendered judgment in favor of defendants and against plaintiffs dismissing the latters’ suit at their costs. Plaintiffs have appealed urging that the jury manifestly erred in its conclusion that the defendant driver, Carol Boulnois, was free of any negligence and that plaintiff driver, Dr. James J. McGee, was negligent in the operation of his motor vehicle.
The trial record discloses that on January 15, 1980 at approximately 7:45 a. m., Dr. McGee and Mrs. Carol Steyer Boulnois, were involved in an automobile collision at the intersection of Nelson Road and Sale Road in Lake Charles, Louisiana. Nelson Road runs north and south and Sale Road runs east and west. The intersection is controlled by an electric semaphore traffic signal. The record indicates that defendant was traveling south on Nelson Road and had stopped her vehicle at the intersection with her left turn indicator on as she waited for the northbound traffic on Nelson Road to pass so that she could turn left onto Sale Road. The McGee vehicle was proceeding north on Nelson Road. The record reflects some dispute regarding the location of the Boulnois vehicle at the time the McGee automobile entered the intersection. Dr. McGee testified that the defendant had not entered the intersection, but rather, had stopped just outside of it, and then, abruptly turned in front of his vehicle. On the other hand, the defendant and a disinterested witness, Mrs. Kathleen Briggs, whose automobile was positioned just to the rear of defendant’s vehicle, testified that defendant had pre-empted the intersection in an attempt to execute a regular left turn and that it appeared that plaintiff was “trying to make it through the yellow light” when the collision occurred. The resultant accident caused property damage to the Boulnois and McGee vehicles and plaintiff’s son, Casey McGee, sustained a bruised nose and forehead.
Plaintiff urges on appeal that the jury erred in concluding that the defendant was free from any negligence and that plaintiff was negligent in the operation of his motor vehicle. To that end, plaintiff contends that the jury disregarded the facts and law in its decision, particularly, LSA-R.S. 32:122 which provides:

“The driver of a vehicle within an intersection intending to turn to the left shall yield the right of way to all vehicles approaching from the opposite direction which are within the intersection or so close thereto as to constitute an immediate hazard.”

The sole issue on appeal is whether the jury was clearly wrong in its conclusion that the defendant, Carol Steyer Boulnois, was free of any negligence in the operation of her motor vehicle and that plaintiff, Dr. James J. McGee, was negligent in the operation of his automobile.
A review of the trial record reveals that the trial judge instructed the jury at length regarding the law applicable to the instant circumstances including the particular provisions of LSA-R.S. 32:122. It is evident that the jury concluded that plaintiff failed to establish that the defendant violated her *612 statutory duty or that she was negligent in any way in the operation of her motor vehicle. Presumably, on the basis of the evidence presented, the jury concluded that defendant pre-empted the intersection in an effort to make a left turn onto Sale Road at a time when the McGee vehicle was not in such close proximity to the intersection as to constitute an immediate hazard and that the accident occurred when, as Mrs. Briggs testified, the plaintiff tried to make it through the yellow light. Our careful review of the record reveals no clear error in this finding. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, 359 So.2d 1303 (La.1978), writ granted, 365 So.2d 1330 (La.1978), on remand, 370 So.2d 1262 (La.App. 3rd Cir. 1979); Bertrand v. Aetna Casualty and Surety Company, 306 So.2d 343 (La.App. 3rd Cir.1975). Accordingly, the judgment appealed from will be affirmed.
For the above and foregoing reasons, the judgment of the trial court is affirmed. Plaintiffs-appellants are taxed with all costs of this appeal.
AFFIRMED.

. Plaintiffs’ petition denotes the parties-plaintiffs as Dr. James J. McGee and Kelly McGee and designates such parties individually and as administrators of the estate of their minor child, Casey McGee. The record reflects that Kelly McGee is the eleven year old daughter of Dr. James J. McGee and his wife Cindy A. McGee. We assume, therefore, that plaintiffs’ petition is in error and that Cindy A. McGee is the proper party plaintiff along with Dr. McGee.