GUIDRY, Judge.
The plaintiffs, Hugh Coleman, Sr. and Hugh Coleman, Jr., bring this action to recover damages for personal injuries and *610 property damage arising from a multi-vehi-cle collision. Made defendants were Lucille D. Carpenter and her insurer, American Mutual Insurance Company, and Robert E. Stewart and his insurer, St. Paul Fire and Marine Insurance Company. The jury returned a verdict finding Hugh Coleman, Jr. contributorily negligent, and judgment was entered dismissing the claim.[1]
The sole issue on this appeal is the correctness of the jury’s factual determination that the plaintiff, Hugh Coleman, Jr., was contributorily negligent. Because their determination is not clearly erroneous, we affirm.
The accident in question occurred on March 20, 1980, on U.S. Highway 71 North near Center Street in LeCompte, Louisiana. At the point where the accident occurred, Highway 71 North is a two lane roadway accomodating traffic in one direction only. At the time of the accident, the road was wet and visibility was impaired due to rain. The vehicles of the plaintiff and both defendants were travelling in the same direction on Highway 71 when the accident occurred.
The jury was presented two widely divergent versions of how the accident occurred. The plaintiff, Hugh Coleman, Jr., testified that the vehicle of Mrs. Carpenter was stopped in the right lane of Highway 71 with the left turn signal on. He stated that rather than attempt to pass her on the left, he brought the refrigerated truck he was driving to a stop behind her to wait until she cleared the right lane. He testified that he had remained stopped for a short period of time when he was struck from the rear by the vehicle being driven by the defendant, Robert E. Stewart. Stewart was driving a wrecker with two cars in tow. According to the plaintiff, the force of this initial collision propelled his truck into the rear of the car being driven by Mrs. Carpenter. The wrecker then veered to the right, where it collided with the rear of a tractor-trailer, owned by McClean Trucking Company, which was parked on the shoulder of the road.
The testimony of Coleman was corroborated by the testimony of the defendant, Mrs. Carpenter. She testified that she was stopped or moving very slowly in the right lane preparing to make a left turn onto Center Street. She stated that the truck being driven by Coleman was also stopped or moving very slowly behind her, and that she “knew that he was watching me and I was watching him and he knew exactly what I was fixing to do.” Tr. pg. 19. She testified that at that point she was “bumped” from the rear by Coleman’s truck. It was her opinion that the truck had been struck from behind, causing it to strike her car.
The testimony ’of Stewart was conflicting. Stewart testified that prior to the accident, his wrecker and the truck driven by Coleman were travelling side by side, with the wrecker in the right lane and Coleman’s truck occupying the left lane. He stated that Coleman’s truck began to gradually pull ahead of him, and that immediately prior to the accident, the rear bumper of Coleman’s truck was roughly even with the front bumper of the wrecker. He testified that at that point, Coleman’s truck suddenly swerved into the right lane with its brake lights on, in a skid on the wet pavement. Stewart stated that he immediately applied his own brakes and also went into a skid, striking the rear of Coleman’s truck and then colliding with the rear of the tractor-trailer.
The testimony of Stewart was corroborated by that of Ronnie Deal. Deal testified that he was driving his car in the left lane of Highway 71, and that prior to the accident his car was roughly parallel to one of the cars being towed by Stewart’s wrecker. He stated that Coleman’s truck was travelling in the left lane directly ahead of him, when the brake lights came on and Coleman’s truck skidded into the right lane into the path of Stewart’s wrecker, causing *611 the wrecker to strike Coleman’s truck and then veer to the right where it struck the tractor-trailer.
After hearing the two conflicting versions of how the accident occurred, the jury returned a unanimous special verdict finding the plaintiff, Hugh Coleman, Jr., guilty of negligence, and that this negligence was a proximate cause of the accident.
When there is a conflict in testimony, the trial court’s evaluation of the credibility of witnesses should not be disturbed upon appellate review unless it is clearly erroneous. The trial court is in a far better position in which to assess the credibility of live witnesses as compared to the appellate court’s access only to a cold record. Canter v. Koehring Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, writ granted, 359 So.2d 1303 (La.1978), 365 So.2d 1330 (La.1978), on remand, 370 So.2d 1262 (La.App. 3rd Cir.1979); Bertrand v. Aetna Casualty and Surety Company, 306 So.2d 343 (La.App. 3rd Cir.1975).
The jury found that the plaintiff, Hugh Coleman, Jr., was guilty of negligence. Presumably, they were impressed by the testimony of the defendant, Robert E. Stewart, and the witness, Ronnie Deal, as opposed to the testimony of the plaintiff and the defendant, Lucille D. Carpenter. Our careful review of the record reveals no showing that the jury’s determination was clearly erroneous.
Accordingly, for the reasons assigned, the judgment appealed from is affirmed. All costs are assessed to plaintiffs-appellants.
AFFIRMED.

. At the time of the accident, which occurred on March 20, 1980, the Louisiana Comparative Negligence Statute had not taken effect, and contributory negligence on the part of a plaintiff barred recovery. LSA-C.C. Art. 2323.