GUIDRY, Judge.
This is a tort action arising out of an automobile collision, resulting from the negligence of Edith Brewer, the minor child of Troy Brewer. The trial judge entered judgment against Troy Brewer and his insurer, Sentry Insurance Company, and in favor of Hurley Mose, in the principal amount of $62,375.41.
The defendants appealed devolutively, accepting the trial court’s finding with respect to fault but contesting the court’s findings with respect to damages. Specifically, the defendants contest the finding of the trial court that the collision was the legal cause of the plaintiff’s diabetes melli-tus. Alternatively, the defendants assert that the damages awarded are excessive. Plaintiff neither appealed nor answered the appeal.
The accident occurred in Ville Platte, Louisiana, on May 2, 1979, when Edith Brewer ran a stop sign and struck the Mose vehicle on the right side. Mr. Mose was injured in the accident but he did not think he needed medical treatment and was taken *1213 home. He was in pain all that evening and the next morning he went to the office of Dr. Ramson Vidrine, his family doctor for 20 years. Dr. Vidrine immediately admitted Mr. Mose to Savoy Memorial Hospital where he remained for nine days. Dr. Vid-rine’s diagnosis was that Mr. Mose was injured in an automobile accident and as a result thereof suffered a cervical whiplash, a brain concussion, multiple strains, contusions, abrasions, hematomas and an aggravation of his existing hypertensive cardiovascular disease. Mr. Mose was released on May 11, 1979, but continued to complain of increased headaches and dizziness. He was readmitted to the hospital on May 16, 1979 by Dr. Vidrine for further tests and discharged on May 25, 1979. Dr. Vidrine’s diagnosis remained the same. Both of these hospitalizations involved a number of tests, including laboratory work, which showed normal amounts of blood sugar. Sometime after May 25, 1979, Mr. Mose began to complain of increased urination and excessive thirst, symptoms of diabetes mellitus. On June 15, 1979, Dr. Vidrine again admitted Mr. Mose to the hospital. At this time, Dr. Seabury, an internist was called in on consultation and diabetes melli-tus was diagnosed. Mr. Mose responded to insulin treatment and was released from the hospital, thirteen days later on June 27, 1979. Mr. Mose was again hospitalized from April 14, 1980 to May 3, 1980 because of the diabetes. He was last hospitalized from June 24,1980 until July 1,1980 at the Tulane Medical Center where he was admitted for tests and evaluation. At this time, in addition to other testing, Dr. Prosser, an endocrinologist and specialist in diabetes, tested him for diabetes.
There is no question that Mr. Mose, who was 60 years of age at the time of trial, now suffers from the condition of diabetes mellitus. There is likewise no question but that Mr. Mose did not suffer from this condition until shortly after the accident. The medical testimony concerning the diabetes consisted of the testimony of Drs. Vidrine, Seabury and Prosser. All three physicians agreed that trauma is not a direct cause of diabetes mellitus, but that trauma and other factors can aggravate or precipitate the onset of diabetes in a genetically predisposed person. They also all agreed that Mr. Mose had a genetic predisposition to develop diabetes. Dr. Vidrine was of the definite opinion that the accident precipitated the onset of diabetes in Mr. Mose. Dr. Seabury stated that it was reasonably probable that the accident precipitated the clinical expression of the disease. On the other hand, Dr. Prosser was of the opinion that the diabetes was more likely not precipitated by the accident. The trial judge concluded from the evidence that the onset of plaintiff’s diabetes melli-tus was caused by the trauma, both physical and emotional, sustained in the accident and awarded damages accordingly. Defendants on appeal assert error in this finding and in the award of $40,000.00 in general damages and any special damages attributable to the diabetes.
Before an appellate court can disturb a factual finding of a trial court, it must be determined that the finding is manifestly erroneous. See Canter v. Koerhing Company, 283 So.2d 716 (La.1973); Arceneaux v. Domingue, writ granted, 359 So.2d 1303 (La.1978), 365 So.2d 1330 (La.1978), on remand, 370 So.2d 1262 (La.App. 3rd Cir. 1979); Bertrand v. Aetna Casualty and Surety Company, 306 So.2d 343 (La.App. 3rd Cir.1975).
The trial judge found that prior to the accident, Mr. Mose was adequately performing his duties as a bus driver and had never shown symptoms of diabetes, and that the disease became symptomatic shortly after the accident. He resolved the conflict in the medical testimony by accepting the testimony of Drs. Seabury and Vidrine and by finding that within reasonable medical certainty, the accident precipitated the clinical expression of the disease. Based on the above findings, the trial judge concluded that the plaintiff had proved a causal connection between the accident and the diabetes mellitus by a preponderance of the evidence. We are unable to say that, in so holding, he committed manifest error.
*1214 The thrust of the defendants’ argument is that the trial judge erred in accepting the testimony of Drs. Vidrine and Seabury over that of Dr. Prosser and that alternatively, the testimony of Dr. Seabury is equivocal and does not establish causal connection within reasonable medical certainty.
We do not find the testimony of Dr. Seabury equivocal. He stated that it was “reasonably probable” that the accident precipitated the clinical expression of the diabetes. The plaintiff need only show that the fact or cause sought to be proved is more probable than not.
Dr. Prosser was qualified as an expert endocronologist with a specialty in diabetes. He has had only three years in private practice. Dr. Prosser concluded that the accident more probably than not did not precipitate the onset of diabetes in Mr. Mose. He based his conclusion on the assumption that the clinical expression of the diabetes was more than three weeks after the accident. He nevertheless agreed that among the factors that can aggravate or precipitate the onset of diabetes are lack of exercise, infection, physical trauma, emotional trauma and old age. Dr. Prosser did not examine Mr. Mose until over one year after the accident and was not in a position to observe the emotional and physical condition of Mr. Mose following the accident.
Dr. Vidrine is a general practitioner who has treated Mr. Mose for over 20 years. He examined the patient the day after the accident and has since seen and treated him throughout the course of his injuries, right up to the trial of this matter.
Dr. Seabury, a specialist in internal medicine, also treated the patient. He examined him for the first time approximately a month and a half after the accident, when diabetes was first diagnosed.
After having treated Mr. Mose, Drs. Vid-rine and Seabury concluded that the accident was the probable cause of the diabetes being made symptomatic. We find no error on the part of the trial judge in accepting the opinion of the treating physicians over that of a physician who has seen the patient only briefly. See Roberts v. Tidex Inc., 251 So.2d 509, writ denied, 253 So.2d 224, 259 La. 905 (La.App. 1st Cir.1971).
Having found that the pre-existing diabetic condition was made symptomatic by the accident, the trial judge properly held the defendant liable for the aggravation of the pre-existing condition.

“A defendant takes his victim as he finds him and he is responsible for all the natural and probable consequences of his tor-tious conduct.” Perniciaro v. Brinch, 384 So.2d 392 (La.1980). See also Deville v. USF & G, 258 So.2d 694 (La.App. 3rd Cir.1972).

We find that the trial judge’s award of special damages for lost wages and for the treatment of the diabetic condition is supported by the record.
Alternatively, the defendants contend that the award of $40,000.00 for physical pain, suffering, mental anguish, depression and disability caused by the diabetes melli-tus is excessive. Defendants seek a reduction in the amount awarded to $10,000.00. Defendants make no issue with regard to the damage award for the other injuries sustained by plaintiff.
In the assessment of damages in cases of offenses and quasi offenses much discretion must be left to the judge or jury. LSA-C.C. Art. 1934, subd. 3. Before we can disturb the award made by the trial judge, we must first determine that the record clearly reveals that the trier of fact abused its much discretion in making the award. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977).
After a careful consideration of the record, we are unable to say that the award of $40,000.00 in general damages for the diabetic condition is excessive. Diabetes is a permanent condition. Mr. Mose was hospitalized on two occasions because of his diabetic condition. On the first occasion, he was in a hyperasmolar coma and spent some time in the intensive care unit. His recovery was relatively rapid. Since then the condition has been fairly well controlled by diet and medication except for an episode in April, 1980, when he was again hospitalized. *1215 Mr. Mose is restricted in his diet and periodically requires daily insulin injections. In addition to the risks of very serious complications to diabetics who are injured, there is a decrease in the life expectancy of a diabetic.
For the above and foregoing reasons, the judgment of the trial court is affirmed. The costs of appeal are assessed against the defendants, Troy E. Brewer and Sentry Insurance Company.
AFFIRMED.