SAVOIE, Judge.
This is an appeal from a judgment of the district court which upheld the decision of the Houma Municipal Fire and Police Civil Service Board, sustaining the termination of appellants, Robert A. Chauvin, Jr. and Perry T. Acosta, from their employment with the City of Houma Fire Department.
On January 25, 1984, appellants were on duty at the North Houma Fire Station. Mr. Chauvin held the rank of Fire Captain while Mr. Acosta was a fire equipment operator. Also on duty that day was their immediate supervisor Captain A.J. Cavalier. During the course of the day, Captain Cavalier became suspicious of certain behavior exhibited by appellants and later that evening accused them of smoking marijuana while on duty. After making the accusation, Captain Cavalier called Chief Avery Hebert, his immediate supervisor, to discuss the alleged incident. As a result of discussions between Cavalier, Hebert and Fire Chief Ernest Miller, appellants were ordered to submit to blood and urine tests. Additionally, appellants were verbally suspended from duty pending further investigation of the incident. Subsequently, the appropriate personnel action forms were completed, processed and delivered to appellants.
On March 15, 1984, the City of Houma terminated appellants. The basis for termination of each appellant was “the use of illegal drugs and such drugs being present in their bodies on or about January 25, 1984,” which are allegedly violations of the Civil Service Statutes of the State of Louisiana, specifically LSA-R.S. 33:2500(A)(3), (5), (7), (14) and (15).[1] Personnel forms concerning termination of each appellant were prepared, specifying the above reasons for termination. Additionally, each appellant was hand delivered a letter dated March 21, 1984, signed by Parish President Edward P. Lyons specifying the reasons for termination.[2]
On March 27, 1984, appellants, by letter through their attorney, filed a Petition of Appeal with the Civil Service Board for the City of Houma. On May 2,1984, the Board conducted a meeting concerning the appellants’ termination with both appellants present. At this meeting the Board decided upon May 16, 1984 at 5:30 p.m. as the *443 date and time of the appeal hearing concerning appellants’ termination. Both Mr. Chauvin and Mr. Acosta informed the Board that the May 16, 1984, date was suitable for them and their attorney. At the same meeting, the Board also passed a motion establishing May 9, 1984 at 4:30 p.m. as the deadline for requesting the issuance of subpoenas.
On May 16, 1984, the Board conducted the hearing concerning appellants termination of employment. Immediately prior to the hearing, counsel for appellants submitted a document entitled “Exceptions and Objections” which was received by the Board. However, counsel for appellants did not move to continue the hearing to a later date, and the hearing was ordered to continue as scheduled. Subsequently, the Board rendered its decision on May 23, 1984, upholding the termination of both appellants. Appellants then appealed to the Thirty-Second Judicial District Court, which upheld the Board’s decision.
From that decision of the District Court, appellants appeal alleging the following specifications of error:
1. The trial court erred in upholding the Board’s decision because the letters of termination were defective in that they failed to adequately apprise petitioners of the charges against them; were vague and indefinite; did not state a factual basis for the disciplinary action and did not allege specific facts upon which the charges were made.
2. The trial court erred in upholding the Board’s decision because said decision was based on evidence that did not meet the appointing authority’s burden of proving the allegations by a preponderance of the evidence and thus the City’s action was not in good faith and for just cause.
3. The trial court erred in upholding the Board’s decision because said decision was based on incompetent, inconclusive and scientifically unsound urine and blood tests that were erroneously admitted into evidence.
4.The decision of the Board was arbitrary and capricious in that appellants were denied procedural due process for the failure of the appointing authority and/or Board to provide appellants with copies of the test results at least ten (10) days prior to the hearing. The trial judge erred in failing to recognize this.
SPECIFICATION OF ERROR NO. 1
Appellants contend that the entire disciplinary proceeding against them should have been dismissed on the grounds that the March 21, 1984, letters of termination were patently vague, indefinite and failed to give complete reasons for the disciplinary action. In support of this contention, appellants rely upon LSA-R.S. 33:2500(D) which states:
“In every case of corrective or disciplinary action taken against a regular employee of the classified service, the appointing authority shall furnish the employee and the board a statement in writing of the action and the complete reasons therefore.”
Additionally, appellants cite a litany of cases standing for the proposition that the purpose of LSA-R.S. 33:2500(D) is to place the employee on notice by providing him with complete details.
While we do not dispute appellants’ position as to the purpose and function of LSA-R.S. 33:2500(D), we find that the March 21, 1984 letters of termination sufficiently complied with the requirements of the statute. In his reasons for judgment, the trial judge stated:
This court finds that the Notice of Termination contained in the letter to appellants dated March 21, 1984, and signed by Parish President Edward P. Lyons satisfies the standard for information specified in the Louisiana Civil Service Law and our jurisprudence.
A review of said letters indicates that they inform the appellants of the basis of their termination which was the use of illegal drugs and the presence of illegal *444 drugs in their blood and urine on January 25, 1984.
The action of appellants and their attorney reveal that the letters of termination sufficiently informed appellants and their attorney of the basis for discharge. The letters of termination were served upon Robert A. Chauvin, Jr., and Perry T. Acosta on March 21, 1984; the hearing occurred on May 16, 1984. At no time between March 21, 1984 and May 16, 1984, did the appellants either personally or through their legal representative request from the Civil Service Board or the City of Houma additional facts or information concerning the basis of their discharge. Furthermore, at no time pri- or to the hearing did the appellants either personally or through their legal representative seek a continuance of the hearing on the grounds that they were not in possession of sufficient information to proceed with the hearing or defend against the allegations levied by the City of Houma.
After reviewing the record, we find no error on the part of the trial judge. Arceneaux v. Domingue, 370 So.2d 1262 (La.App. 3rd Cir.1979). Accordingly, this specification of error is without merit.
SPECIFICATIONS OF ERROR NOS. 2 & 3
By these specifications of error, appellants contend that the City of Houma did not sustain its burden of proof concerning the grounds for termination. Specifically, appellants attack the Boards alleged reliance upon the blood and urine tests.
It is well established that the Civil Service Statutes and the jurisprudence do not require the City of Houma to prove its case beyond a reasonable doubt, but merely by a preponderance of the evidence. LSA-R.S. 33:2501; Linton v. Bossier City Municiple Fire and Police Civil Service Board, 428 So.2d 515 (La.App. 2nd Cir.1983).
As specified in the March 21, 1984 letters, the grounds for termination of appellants was the use of illegal drugs and the presence of illegal drugs in their urine and blood on January 25, 1984, while on duty at the North Houma fire station. At the hearing on May 16, 1984, the City of Hou-ma offered the testimony of eight witnesses along with documentary evidence in the form of blood and urine test results to support its claim. The bulk of the testimony centered around appellants’ appearance, condition and demeanor on the night in question. Captain Cavalier testified that he observed appellants smoking a slim three-inch cigarette with both ends twisted. Appellants were further characterized as having a “pale look” with their eyes “bloodshot,” pupils dilated and eyelids “droopy.” Further testimony indicated that Mr. Chauvin became extremely defensive after the accusation by Captain Cavalier was made, while Acosta was somewhat remorseful. Additionally, several witnesses testified that Acosta admitted he was in no condition to perform his duties.
Finally, the results of the blood and urine test positively indicated the presence of THC[3] in appellants’ system while they were on duty on January 25, 1984. Although these tests could not pinpoint the time that the drug was ingested, this fact, of which the Board was aware, went to the weight of the evidence. Chief Ernest Miller testified on cross-examination that the decision of the Board was not based solely on the test results, but rather these results were considered in light of the other evidence and investigations.
In contrast to the evidence and testimony put on by the City, appellants offered no witnesses, aside from themselves, to contradict the charges against them. Their testimony consisted mainly of admitting to smoking marijuana on the days prior to January 25, 1984, thereby confirming the test results. However, both appellants denied that they smoked marijuana while on duty.
*445 After reviewing the transcripts of the May 16, 1984 hearing, we agree with the trial court that the City met its burden of proving its case by a preponderance of the evidence.
SPECIFICATION OF ERROR NO. 4
Finally, appellants contend that they were denied due process due to the City’s failure to provide them with copies óf the test results prior to the hearing. The trial court found no denial of due process since the record failed to show a written request for such records by appellants or their counsel. Appellants claim that such written request was made in their original petition for appeal, wherein it stated:
10.
Appellants further show that the blood and urine test results are critical to this case and that they desire to examine those results at least 10 days prior to the hearing.
However, we find that the mere mention of a desire to examine documents in a Notice of Appeal, does not constitute a sufficient request for production of those documents. See LSA-C.C.P. art. 1461. Additionally, we note there is no mention of these documents or a request for their production in appellants’ prayer contained in the Notice of Appeal.
Appellants filed their Notice of Appeal on March 27, 1984. The appeal hearing was not held until May 16, 1984. Appellants had ample opportunity to make a request for and seek production of these documents prior to the hearing. The fact that they failed to avail themselves of the opportunity does not amount to a denial of due process.
For the above and foregoing reasons, the judgment of the trial court is affirmed at appellants' cost.
AFFIRMED.
EXHIBIT A
City of Houma
March 21, 1984
Mr. Robert A. Chauvin, Jr.
Houma, Louisiana 70360
Dear Mr. Chauvin:
This letter is formal notification that as of March 15, 1984, your employment with the City of Houma Fire Department is hereby terminated. The basis for termination is your use of illegal drugs and the presence of illegal drugs in your blood and urine on January 25, 1984, while on duty with the Fire Department. Such acts constitute violations of the Houma Fire Departments’ regulations, policies, and standards, Chapter IV, Section F Subsection (Cl) and (C2). Such acts also constitute violations of the Civil Service Statutes of the State of Louisiana, specifically LSA-R.S. 33:2500(3), (5), (7), (14), and (15). The sections of the Civil Service Statutes of the State of Louisiana which you violate state as follows:
(3) The commission or omission of any act to the prejudice of the departmental service or contrary to the public interest or policy.
(5) Conduct of a discourteous or wantonly offensive nature toward the public, any municipal officer or employee; and, any dishonest, disgraceful, or immoral conduct.
(7) The use of intoxicating liquors, or habit forming drugs, liquid, or preparation to an extent which precludes the employee from performing the duties in a safe or satisfactory manner.
(14) The willful violation of any provision of this Part or of any rule, regulation, or order hereunder.
(15) Any other act or failure to act which the board deems sufficient to show the offender to be an unsuitable or unfit person to be employed in the respective service.
With kindest regards, I remain
Very truly yours,
/s/ Edward P. Lyons
Edward P. Lyons,
Parish President
*446 EXHIBIT B
City of Houma
March 21, 1984
Mr. Perry T. Acosta
Houma, Louisiana 70360
Dear Mr. Acosta:
This letter is formal notification that as of March 15, 1984, your employment with the City of Houma Fire Department is hereby terminated. The basis for termination is your use of illegal drugs and the presence of illegal drugs in your blood and urine on January 25, 1984, while on duty with the Fire Department. Such acts constitute violations of the Houma Fire Departments’ regulations, policies, and standards, Chapter IV, Section F Subsection (Cl) and (C2). Such acts also constitute violations of the Civil Service Statutes of the State of Louisiana, specifically LSA-R.S. 33:2500(3), (5), (7), (14), and (15). The sections of the Civil Service Statutes of the State of Louisiana which you violated state as follows:
(3) The commission or omission of any act to the prejudice of the departmental service or contrary to the public interest or policy.
(5) Conduct of a discourteous or wantonly offensive nature toward the public, any municipal officer or employee; and, any dishonest, disgraceful, or immoral conduct.
(7) The use of intoxicating liquors, or habit forming drugs, liquid, or preparation to an extent which precludes the employee from performing the duties in a safe or satisfactory manner.
(14) The willful violation of any provision of this Part or of any rule, regulation, or order hereunder.
(15) Any other act or failure to act which the board deems sufficient to show the offender to be an unsuitable or unfit person to be employed in the respective service.
With kindest regards, I remain
Very truly yours,
Edward P. Lyons,
Parish President

. See attached exhibits A and B.

. See attached exhibits A and B.

. Tetrahydrocannabinol (THC) is the active component of marijuana.