WARD, Judge.
Alleging police brutality and negligent arrest, Terrell MeCrory sued the New Orleans Police Department, Officer Roger Smith, the City of New Orleans and their insurers, for an injury he sustained when Smith arrested him on May 1, 1987 in New Orleans’s French Quarter for public intoxication, disturbing the peace and resisting an officer. The Trial Judge awarded judgment in favor of MeCrory for $15,944.83, plus interest and costs, subject to a fifty percent reduction for MeCrory’s comparative negligence. MeCrory appeals, contesting the Judge’s comparative negligence finding and quantum.
In his appeal, MeCrory claims the Trial Judge erred by finding that the acts as depicted in the testimony supported MeCro-ry’s version of the incident, but in reaching a conclusion which contradicts those facts. Alternatively, MeCrory asserts that if any fault is attributable to him, the assessment of fifty percent negligence is clearly erroneous. Finally, MeCrory claims that, if the Trial Judge awarded him the special damages he claimed for medicals and lost wages, then the amount awarded in general damages was inadequate and constituted an abuse of discretion. Finding no merit in these assignments of error, we affirm the Trial Court judgment.
On the night prior to McCrory’s arrest, he and a friend travelled to the French Quarter from Hammond, Louisiana, arriving there around midnight. Both men ad *1324 mitted to having several drinks both before and after arriving in the French Quarter. Around two or three a.m., Officer Smith observed McCrory, among other things, doing calisthenics on Burbon Street, kicking cans in the street and beating on garbage cans and the sides of buildings. Officer Smith confronted McCrory and ordered him to stop what he was doing. After Smith smelled a strong odor of liquor on McCro-ry’s breath, noted slurred speech and watched McCrory’s eyes roll in his head, Smith arrested McCrory for public intoxication.
McCrory responded to Smith with obscenities. And, according to Smith, McCro-ry announced that he had a knife, but soon retracted the statement. Smith repeatedly tried to get McCrory to put his hands behind him for handcuffing and to get into the police car. Smith eventually called for a backup officer and when the backup arrived and Smith’s repeated pleas for cooperation were ignored, Smith apparently tried to force MeCrory’s left arm in a position for handcuffing. This action — along with McCrory’s apparent resistance — were found by the Trial Judge to be the combined cause of McCrory’s injury — a spiral fracture of his upper arm.
The Trial Judge’s reasons for judgment state:
Plaintiff was arrested by New Orleans Police Officer Roger M. Smith on May 1, 1987 at approximately 2:00 o’clock or 3:00 o’clock A.M. in the Vieux Carre’. During the arrest, plaintiff’s left arm was fractured. He sustained a spiral commuted fracture of the middle portion of the shaft of the humerus.
According to Dr. James Williams’ testimony, the fracture plaintiff sustained could only occur with a person’s elbow bent and could not occur unless the elbow was flexed.
That testimony supports plaintiff’s version of the incident. Plaintiff testified that he was bent over at his waist attempting to enter the police car at Officer Smith’s direction. His left arm was bent behind his back and held in that position by Officer Smith. Smith pushed on plaintiff’s arm and both heard the snap when plaintiff's arm was fractured. Officer Smith and Officer Morbly both testified that the plaintiff’s left arm was extended (elbow not flexed) at his side when the fracture occurred. According to Smith, he was attempting to handcuff plaintiff by moving McCrory’s left hand down from the top of the police car and behind his back. As plaintiff’s arm was extended in a vertical position at his side, the fracture occured.
The Court rejects entirely the testimony of Officer Morbley whose version of the events immediately prior to plaintiffs injury was riddled with inconsistancies and contradictions. The only common point in the testimony of both officers was that plaintiff’s arm was extended, elbow not flexed, when the fracture occured. The Court finds that Officer Smith used excessive force during the arrest of plaintiff Terrell McCrory, and that excessive force caused plaintiff's fracture. The Court further finds that plaintiff resisted the efforts of Officer Smith to place him into the police car and that his actions were also a cause of his injury. The Court apportions fault fifty percent (50%) to Officer Smith and fifty percent (50%) to plaintiff. There will be judgment accordingly.
In his first assignment of error, McCrory, asserts that the Trial Judge’s conclusions are contradictory. McCrory, however, miscontrues the Trial Judge’s statements which reviewed the trial testimony as the trial Judge’s findings or conclusions. The only conclusions which the Judge clearly articulated were 1) that Officer Smith used excessive force and the excessive force caused McCrory’s fracture; and 2) McCrory resisted the efforts of Officer Smith to place him into the police car and that his actions were also a cause of his injury.
There is ample evidence in the record to support these findings. Testimo *1325 ny from McCrory, McCrory’s friend and Dr. James Williams to some degree, supports the Judge's finding that Smith used excessive force in arresting McCrory; while the exact position of McCrory arm when it broke is not crucial, Dr Williams’s testimony implies that more likely than not Officer Smith improperly manipulated McCrory’s arm once it was already behind his back.
The testimony of Officer Smith, Officer Mobley, the backup called by Smith, and even McCrory’s friend clearly shows that McCrory resisted all efforts made by Smith to subdue him. Officer Smith, before using any force, actually pleaded with McCrory to cooperate and to get into the police car. This testimony leaves little doubt that Officer Smith’s act of attempting to handcuff McCrory, who according to the evidence is a very muscular man, was met with extremely strong resistence. Accordingly, the Trial Judge’s finding that two causes contributed to McCrory’s injury is based on the Judge’s witness credibility evaluations and his own inferences of fact. Because there is a reasonable basis in the evidence for these findings and since we do not find manifest error, we will not disturb the Trial Judge’s findings. Arceneaux v. Dominque, 365 So.2d 1330 (La.1978), on remand 370 So.2d 1262 (La.App. 3rd Cir.), cert. denied 374 So.2d 660 (La.1978).
Similarly, we find no merit in McCrory’s second assignment of error. McCrory argues that even if some fault can be properly attributed to him, the Trial Judge’s assessment of fifty percent comparative negligence is manifestly erroneous. We disagree. Given the testimony at trial about the actions of both Officer Smith and McCrory, the Trial Judge’s assessment of fifty percent negligence to McCrory is reasonable and precludes a finding of manifest error. Even assuming the actual fracture occurred when McCrory’s arm was behind him, his obvious resistance to Officer Smith’s actions leads to a reasonable inference that his resistance ultimately contributed to his injury.
In his next assignment of error McCrory claims that the Trial Judge erred by failing to award lost wages to him. The judgment does not specify whether the award covers general and special damages. However, the amount of the award—$15,944.83—suggests that the Judge at least awarded McCrory his requested medicals of $944.83.
Although in his petition McCrory prayed for a special damages award for lost wages in the amount of $8,000.00, he failed to substantiate his claim at trial other than by his own testimony. Instead, the evidence indicates that McCrory did not suffer an alleged wage loss attributable to his injury. Although in his deposition, one of McCro-ry’s doctors stated that he felt McCrory could not return to “regular activities” after the injury, the doctor was not even aware of McCrory’s occupation. Moreover, the doctor later stated in the same deposition that McCrory’s only restrictions were to stay away from contact sports or heavy weight lifting. Therefore, the doctor’s assessment of McCrory as totally disabled for three months and partially disabled in his arm for two more months with a less than ten percent permanent partial disability at discharge four and a half months post-accident, is suspect.
In addition, the record contains a standard form termination slip from McCrory’s employer, International Piping Systems, Ltd. The document shows that McCrory discontinued working on May 4, 1987, and the reason given for his leaving was that he quit, not that he had been injured and/or disabled. Furthermore, the evidence shows that McCrory collected unemployment compensation for some period in 1987, which when added to his 1987 salary from International Piping as shown on his tax returns, indicates no significant wage loss from 1985 through 1987.
Alternatively, McCrory argues that if the Trial Judge did award him lost wages, his general damage award would be only $7,000.00—an amount he claims is inadequate for the type of injury he sustained and is an abuse of discretion. Even *1326 if the Judge did award MeCrory an unspecified amount for lost wages, the remainder of the award for general damages in this case is not so low as to constitute an abuse of discretion. Considering the type of injury MeCrory sustained as well as the lack of evidence on any discernable, lasting effect upon him, we do not find the remaining amount in general damages inadequate to compensate McCrory. See, Reck v. Stevens, 373 So.2d 498 (La.1979). McCrory’s doctor admitted the injury was a relatively minor one which required only a cast and no surgery. Accordingly, we find no abuse of discretion in the amount of the damage award even if a portion of it was attributable to lost wages.
Finding no merit in McCrory’s assignments of error, we affirm the Trial Court judgment. All costs of this appeal are assessed to MeCrory.
AFFIRMED.