580 So.2d 434 (1991)
James F. SILVIO, et ux., Plaintiffs-Appellants,
v.
Joe ROGERS, et al., Defendants-Appellees.
No. 22412-CA.
Court of Appeal of Louisiana, Second Circuit.
May 8, 1991.
*435 Roland V. McKneely, Jr., Bossier City, for plaintiffs-appellants, James F. Silvio and Marie Silvio.
Bodenheimer, Jones, Klotz & Simmons by Mary L. Coon Blackley, Shreveport, for defendants-appellees, Joe Rogers and Presidential Fire and Cas. Ins. Co.
Blanchard, Walker, O'Quin & Roberts by Robert A. Dunkelman, Shreveport, for defendant-appellee, Travelers Ins. Co.
Before LINDSAY, VICTORY and STEWART, JJ.
STEWART, Judge.
Plaintiffs, James F. Silvio and Marie Silvio, appeal from an adverse judgment denying damages as the result of an automobile accident. We affirm.

FACTS
This suit arises as the result of a two-vehicle accident that occurred on January 30, 1986 on Louisiana Highway 527, a two-lane highway. The accident occurred during the late afternoon hours approximately 3½ miles east of the intersection of that highway and U.S. Highway 71 in Bossier Parish, Louisiana. The weather was clear and the road was dry. Plaintiff, James F. Silvio, was driving a 1985 Ford Bronco II west on Highway 527 and was traveling between 40 and 45 miles per hour when he noticed at approximately four or five car lengths distance a Freightliner truck with trailer pulling out onto the highway. The truck driven by defendant, Joe Rogers, crossed the westbound lane as he was trying to maneuver his truck into the eastbound lane. The left rear door and panel of Silvio's vehicle grazed a portion of Rogers' trailer which remained slightly across the center lane at impact. Silvio thereafter sued Rogers for damages. Marie Silvio joined as a plaintiff seeking loss of consortium. Also named as defendants were Colony Insurance Company, as liability insurer of the Rogers vehicle, and Travelers Insurance Company, the insurer of the Silvio vehicle under the uninsured motorists coverage of the policy. Presidential Fire and Casualty Insurance Company was later added as a defendant, as the successor to Colony Insurance Company. Because Presidential denied coverage for the accident based on cancellation of policy issued to Joe Rogers several third-party defendants and cross-claim defendants including Muslow Insurance Company, A & R Capital Corporation, A & R Underwriters and Presidential were named. Dennis Rogers was also added as a defendant in the main demand.
After a bench trial, the court rendered judgment in favor of Joe Rogers and the other defendants on the main demand finding that the accident was caused solely by the fault of James Silvio. Judgment in favor of Joe Rogers on his third-party demand was also granted against Presidential for attorney's fees. All other demands were dismissed.
James F. Silvio and Marie Silvio appeal for review of the judgment dismissing their demands against Joe Rogers, Presidential, and Travelers. Appellants assert that the *436 trial court was in error in finding Silvio 100 percent at fault because Rogers' actions in pulling the tractor trailer out of a driveway were dangerous especially in light of the fact that the vehicle had a maximum gross weight of 80,000 pounds.
Because Silvio maintains that the trial court was in error in assessing him 100 percent at fault, he requests an award of $60,000 in general damages and $5,000 in future medical expenses. Mrs. Silvio also requests a $20,000 award for loss of consortium.
Appellants also contend that Travelers Insurance Company, the insurer of Silvio, should be assessed penalties and attorney's fees for failure to pay. The Silvios assert that Travelers admitted that they had issued an uninsured motorist policy to Silvio and because the insurer of the Rogers vehicle clearly denied coverage in spite of the language of the policy, Travelers wrongfully refused to pay any uninsured motorist benefits.
Appellants also argue error in the admission of the testimony of Thomas Havens and Mary Rogers based upon assertions that Havens' memory was refreshed prior to his testimony in court in the presence of Mary Rogers.
The Silvios finally assert that the Presidential Fire and Casualty Insurance Company policy was never effectively cancelled. They assert that the company did not provide notice of cancellation and therefore the policy remained in full force and effect.
By way of brief, Travelers avers that the trial court was correct in finding Silvio in complete fault based upon the fact that the evidence demonstrates that he had the last clear chance to avoid the accident in question.
Rogers and Presidential also argue that the trial court's finding is correct because Rogers completely fulfilled his legal duty by checking the highway for oncoming traffic and when he failed to see any, correctly pulled out onto the highway. They assert that Silvio had the last clear chance to avoid the accident.
In addressing the argument that the testimony of Mary Rogers and Thomas Havens was admitted in error, Presidential and Rogers assert that, although counsel for the plaintiff objected to the admissibility of the testimony and discussions between Mary Rogers and Thomas Havens, the trial court had the opportunity to determine the weight to be given to this particular testimony. They argue that the plaintiffs did not request any of the lesser sanctions and that the choice of remedy for these types of violations rests within the sound discretion of the trial judge who is granted wide latitude.
Presidential finally asserts that should this court determine that Rogers was at fault, the appropriate amount of damages to be awarded is $10,000 in general damages and $712 in medical expenses incurred. They finally state that there should be no award for loss of consortium because the record does not indicate that the injury to Silvio was attributable to any diminution of companionship between he and his wife. They assert that if the court determines that such an award is warranted, it should be no more than $2,500.

DISCUSSION
Appellants first argue that the district court committed manifest error in concluding that the accident was caused through the sole fault of Silvio.
A motorist preparing to enter a highway from a private driveway is required to yield the right of way to all approaching vehicles so close as to constitute an immediate hazard. LSA-R.S. 32:124. Although not required to desist from entering so long as traffic is in sight, he faces a high duty to exercise extreme care to avoid a collision with those on the favored thoroughfare. Harris v. Burch, 561 So.2d 931 (La.App. 2d Cir.1990); Wells v. Allstate Insurance Company, 510 So.2d 763 (La.App. 1st Cir.1987); Davis v. Galilee Baptist Church, 486 So.2d 1021 (La. App. 2d Cir.1986); Holland v. United States Fidelity and Guaranty Company, 131 So.2d 574 (La.App. 2d 1961). Toward the intruding vehicle, the lawfully proceeding *437 driver is under a duty of ordinary care to avoid an impending accident only in those circumstances where speed, control, time, and distance afford him a reasonable opportunity to do so. The burden of proving those circumstances is upon the intruding driver. Harris v. Burch, supra; McGee v. Miears, 516 So.2d 1241 (La.App. 2d 1987); Davis v. Galilee, supra.
A trial court's finding of fact may not be set aside on appeal in the absence of manifest error and where there is a conflict in the testimony, reasonable inferences of facts should not be disturbed on review. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), on remand, 370 So.2d 1262 (La. App. 3d Cir.1979), writ denied, 374 So.2d 660 (La.1979). If the trial court's findings are reasonable in light of the entire record, an appellate court may not reverse, and a fact-finder's choice between two permissible views of the evidence cannot be manifestly erroneous or clearly wrong. Rosell v. ESCO, 549 So.2d 840 (La.1989).
In this case, the testimony reveals that the accident occurred near dusk on the evening on January 30, 1986 but at a time when visibility was possible without the use of headlights. Both the plaintiff and his wife testified to this fact as well as the defendant and other independent witnesses. The evidence also indicates that the weather was clear and the road, dry.
After reviewing the testimony, the trial judge determined that Silvio was completely at fault in causing the accident. We cannot find this conclusion clearly wrong.
Both Rogers and his wife testified that as they attempted to encroach upon the highway, they saw no oncoming traffic. It was not until they were halfway into the roadway that they saw two vehicles approaching. Rogers sped up at this point to avoid a collision. There is no evidence indicating that the truck pulled out in front of any oncoming traffic. Silvio stated at trial that there were no other vehicles in front of him and the lights on the truck blinded him such that he could not see the remainder of the truck on the highway. We find this statement inconsistent with the testimony of the other witnesses that the outside lighting was sufficient. The trial court found that there was sufficient natural lighting available to Silvio such that he should have seen the Rogers vehicle in ample time to avoid the impact. Further, it was stipulated by the parties that Highway 527 was straight, a distance of 820 feet to the eastern point of the impact. Mr. Silvio testified that he was traveling around 40 or 45 miles per hour around this curve and therefore had 820 feet from that point to observe the truck in question and avoid the accident.
While Rogers is required to yield and exercise extreme caution to approaching vehicles when entering from a private drive, we find that he fulfilled this duty when he examined the roadway to ensure that no vehicles were approaching when entering the highway. When Rogers determined that no vehicles were in sight, he was completely reasonable in pulling out onto the highway. When he did notice the vehicles, he sped up the execution of the turn. We find that under these facts, he did all that he could possibly do. Silvio, on the other hand, traveled at a slow rate of speed at a distance of over 800 feet from the truck and failed to see the vehicle as it pulled out onto the highway. Based upon these circumstances, we find that Rogers succeeded in proving that Silvio should have avoided the accident. We therefore cannot find that the trial court's determination that Silvio's inattentiveness was the sole cause of the accident was clearly wrong.
We next address the violation of the rule of sequestration by Mary Rogers and Thomas Havens, a witness and grandson of the Rogers. The record reveals that as Havens discussed his prospective testimony with the defense attorney outside of the courtroom, Mrs. Rogers overheard the conversation. Appellants assert that the trial court was in error in failing to disqualify the testimony of these witnesses.
Not every violation of a sequestration rule must result in a sanction, such as the exclusion of testimony. State v. Parker, 421 So.2d 834 (La.1982); Williams *438 v. State Farm Mutual Auto Insurance, Co., 524 So.2d 851 (La.App. 3d Cir.1988). The trial judge may, in his discretion, refuse to disqualify an errant witness or impose any other sanction for a violation if the purpose of the sequestration has not been thwarted, or if there is no evidence that the witness' testimony has been tainted. State v. Marchese, 430 So.2d 1303 (La.App. 1st Cir.1983).
The trial judge is in the best position to determine whether a violation of the sequestration rule has occurred resulting from any irregularity or ignorance of the sequestration rule, or whether the violation was intentional. Coutee v. American Druggist Insurance Company of Cincinnati, 453 So.2d 314 (La.App. 3d Cir.1984).
Technically, the record demonstrates that a violation of the rule of sequestration occurred in this case. However, the testimony of Thomas Havens was directed primarily toward the time of the accident and the lighting conditions when he arrived at the scene after the accident had occurred. His testimony corroborated that of much other testimony presented and there was no showing that the discussion tainted his testimony. There has been no showing that the violation was intentional or that it in any way prejudiced appellants' case. Likewise, there was no showing that the discussion affected the testimony of Mary Rogers. The trial judge had the opportunity to assess her credibility as to the circumstances of the violation as well as on the merits of the case. We cannot say that the trial judge abused his much discretion in allowing the testimony of Thomas Havens and Mary Rogers.
Because we affirm the trial court's judgment, the other issues presented by appellants are rendered moot. We therefore pretermit discussion of these issues for purposes of this opinion.
The judgment of the trial court is affirmed at appellant's costs.
AFFIRMED.