694 So.2d 569 (1997)
Victoria E. MILLER and Bryan Miller, Plaintiffs-Appellants,
v.
T.L. KEAL and United Services Automobile Association, Defendant-Appellees.
No. 29564-CA.
Court of Appeal of Louisiana, Second Circuit.
May 7, 1997.
Rehearing Denied June 12, 1997.
*570 Patricia N. Miramon, Shreveport, for Plaintiffs-Appellants.
Jack E. Carlisle, Jr., J. Martin Lattier, Shreveport, for Defendants-Appellees.
Before NORRIS, STEWART and GASKINS, JJ.
STEWART, Judge.
Victoria and Bryan Miller appeal the trial court's judgment finding Mrs. Miller 70% at fault, awarding special damages in the amount of $14,321.74 and general damages in the amount of $17,800.00, dismissing Mr. Miller's loss of consortium claim, and assessing the Millers with 70% of court costs. T.L. Keal and United Services Automobile Association answered the appeal and assigned as error the trial court's assessment of fault.

FACTS
On December 14, 1994, at approximately 3:00 p.m., Mrs. Miller and T.L. Keal were *571 involved in an automobile collision. Ms. Miller exited the south parking lot of Portico Shopping Center, crossed the westbound lanes of Bert Kouns and pulled into the center turning lane so that she could turn into the eastbound lanes of traffic. Her vehicle was struck nearly head on from the west by an automobile driven by T.L. Keal. The impact of Mr. Keal's vehicle caused Mrs. Miller's car to collide with a third automobile. As a result of the collision, Mrs. Miller's head, left shoulder, and arm where thrown against the driver's side window.
When the accident occurred, traffic was backed up in the westbound lanes at the traffic light at the intersection of Bert Kouns and Youree Drive. Mr. Keal had entered the westbound turning lane approximately 500 feet before the intersection. Shreveport Police cited Mr. Keal with a violation of a Shreveport City Ordinance prohibiting driving over a "divided space" between a divided roadway that is not open to traffic by appropriate marking.
Mrs. Miller and her husband filed suit against Mr. Keal and his insurer. Trial was held on June 24, 1996. The court rendered a written judgment on June 26, 1996. The Millers appeal. Mr. Keal and USAA answered the appeal.

DISCUSSION
Assignment of Error #1: The trial court erred in assessing 70% of fault to Victoria Miller.
The Millers first contend that the trial court erred in assessing 70% fault to Mrs. Miller in causing the accident. They argue that the evidence clearly established that Mr. Keal was traveling at an excessive speed and using the westbound turning lane inappropriately and that his negligence was the sole cause of the accident. The Millers assert that the testimony of Sergeant Kenneth Jackson, who was called as an expert in the field of accident investigation, of Lawrence Reddix and Vincent Mangum, two eyewitnesses, and the testimony of Mr. Keal himself supports their argument.
Further, the Millers argue that Mr. Keal bears the burden of proving that Mrs. Miller was comparatively negligent, citing Smith v. Travelers Ins. Co., 430 So.2d 55 (La.1983). Additionally, they contend that the trial court's conclusion that Mrs. Miller had a duty to exit the parking lot "safely and without causing an accident" and that she did not have the right of way was erroneous. The Millers assert that the trial court recognized that the accident would not have occurred but for Mr. Keal's driving where prohibited by law. They conclude that the assessment of 70% of fault to Mrs. Miller has no factual or legal basis.
In answer to the Millers' appeal, Mr. Keal and USAA also assign as error the trial court's assessment of fault. He asserts that Mrs. Miller was solely at fault in causing the accident or, alternatively, that his percentage of fault should be reduced. Mr. Keal and USAA argue that photographic evidence and testimony established that Mr. Keal was not at fault in causing the accident and that no evidence was presented to show that Mr. Keal was driving at an excessive speed. Further, Mr. Keal and USAA assert that Mr. Keal did not violate the Shreveport City Ordinance and, even if Mr. Keal is found to have violated the ordinance, that such a violation still must be shown to be a legal cause of an accident in order to be actionable, citing Baughman v. State through DOTD, 28,369 (La.App. 2 Cir. 5/8/96), 674 So.2d 1063.
An appellate court may not set aside a trial court's finding of fact in the absence of manifest error or unless the finding is clearly wrong. Lewis v. State through DOTD, 94-2730 (La. 4/21/95), 654 So.2d 311; Stobart v. State through DOTD, 617 So.2d 880 (La.1993); Lebeaux v. Newman Ford, Inc., 28,609 (La.App. 2 Cir. 9/25/96), 680 So.2d 1291. The issue to be resolved by the reviewing court is not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one. Lewis v. State through DOTD, supra; Stobart v. State through DOTD, supra; Lebeaux v. Newman Ford, Inc., supra.
In apportioning fault, the trial court must consider "both the nature of the conduct of each party at fault and the extent of the causal relationship between the conduct *572 and the damages claimed." Theriot v. Lasseigne, 624 So.2d 1267 (La.App. 3 Cir.1993) at 1275. See also Watson v. State Farm Fire and Casualty Insurance Company, 469 So.2d 967 (La.1985).
A trial court's findings regarding percentages of fault are factual and will not be disturbed on appeal unless clearly wrong. Socorro v. City of New Orleans, 579 So.2d 931 (La.1991); Baughman v. State through DOTD, supra. The Louisiana Supreme Court stated that "In reviewing determinations of proportionate fault, we have previously compared the respective degrees of duty of the various parties and the degree of causation in the parties' breach of their respective duties." Socorro v. City of New Orleans, supra at 942.
The Millers argue that Mr. Keal should be assessed 100% fault due to his violation of Shreveport, Louisiana Code Section 90-228, which provides:
Whenever any street or highway in the city has been divided into two roadways by leaving an intervening space, or by a physical barrier, or by a clearly indicated section so constructed as to impede vehicular traffic, every vehicle shall be driven only upon the righthand roadway and no vehicle shall be driven over, across or withing any such dividing space, barrier or section, except through an opening in such physical barrier or dividing section or space or at a crossover or intersection properly established.
Although violation of a statute or ordinance constitutes negligence per se, to be actionable the negligence must also be a legal cause of the accident. Baughman v. State through DOTD, supra; Poland v. Glenn, 623 So.2d 227 (La.App.2d Cir.1993). Actionable conduct is both a cause in fact of the injury and a legal cause of the harm incurred. To satisfy the cause in fact requirement, the finder of fact must determine that the injury would not have been sustained "but for" the conduct of the party allegedly negligent. To be a legal cause of the harm, there must be a "substantial relationship" between the conduct and the harm incurred. Baughman v. State through DOTD, supra; Poland v. Glenn, supra.
The trial court, in reasons orally assigned, found that the evidence established that, although the center lane was not clearly and properly marked, it was adequately marked and was intended to be a turning lane at the point of the accident not a traveling lane and that Mr. Keal "was driving in a lane for which the law prohibited him from driving in." However, the trial court, stating that it "still has some concerns to the benefit of Mr. Keal as to whether or not he should have been in that portion of the middle lane or not," determined that the "fact that he was traveling in it in and of itself did not cause the accident."
The photographs which were introduced into evidence indicate that, at the point of the accident, a solid yellow line and a dashed yellow line divides the westbound lanes of travel from the center lane and that, just before the site of the collision, a white arrow pointing south across the eastbound lanes of travel is in the center lane. However, at that particular location, an empty field is all that is south of the highway. There are no streets, access roadways, or driveways entering the field.
Further, the trial court found that Mrs. Miller breached the "great" duty imposed upon her to ascertain whether she could safely cross the westbound lanes of traffic and turn east when exiting a private parking lot and that her actions were the primary cause of the accident. The testimony of Mrs. Miller herself established that she could not see the center lane of traffic and relied on the "wave" or indication of another motorist when she attempted to turn east onto Bert Kouns.
La. R.S. 32:124, which imposes a duty on a motorist beyond the general duty of care owed by all motorists, provides, in pertinent part, that "the driver of a vehicle about to enter or cross a highway from a private road, driveway, alley or building ... shall yield the right of way to all approaching vehicles so close as to constitute an immediate hazard." This court has held that an unusual, extreme, and high duty of care toward favored traffic is owed by such a motorist. Taylor v. Chism, 27,186 (La.App. 2 Cir. 8/23/95), 660 *573 So.2d 145; Davis v. Galilee Baptist Church, 486 So.2d 1021 (La.App. 2 Cir.1986). Toward the intruding motorist, the driver on the favored street bears the much lesser duty of ordinary care. Davis v. Galilee Baptist Church, supra.
We are not persuaded by the Millers' argument that the trial court erred in finding that Mrs. Miller owed a higher degree of care and that she did not have the right of way. This court has recognized that the law imposes a higher standard of care on motorists who are exiting a private drive or parking lot to enter a highway. Taylor v. Chism, supra. See also Silvio v. Rogers, 580 So.2d 434 (La.App. 2 Cir.1991); Harris v. Burch, 561 So.2d 931 (La.App. 2 Cir.1990); Calk v. Grain Dealers Mutual Insurance Co., 508 So.2d 624 (La. App. 2 Cir.1987); Davis v. Galilee Baptist Church, supra. Mrs. Miller did not have the right of way, nor could she determine whether she could safely enter the highway from the parking lot because, as she testified, she could not see if any oncoming vehicles were in the center lane due to the backed-up traffic in the westbound lanes. When she exited the parking lot, Mrs. Miller relied on a third party determination that she could safely enter the highway and did not determine whether any approaching automobiles were "so close as to constitute an immediate hazard."
Further, although the trial court did not make a factual finding regarding the speed at which Mr. Keal was traveling or whether he was driving at an excessive speed, the uncontroverted deposition testimony of Lieutenant Mangum established that speed limit on Bert Kouns was 55 m.p.h. He estimated Mr. Keal's speed to be approximately 40 m.p.h. upon impact whereas the testimony of Mr. Keal and Corporal Reddix indicated that Mr. Keal's speed was approximately 25 to 30 m.p.h. Clearly, Mr. Keal was not exceeding the speed limit.
Upon consideration of the testimony and evidence adduced at trial, we cannot say that the trial court was manifestly erroneous in assessing 70% fault to Mrs. Miller. Therefore, this assignment of error is without merit. Assignment of Error #2: The trial court erred in assessing 70% of court costs to Mrs. Miller.
The Millers also assign as error the assessment of 70% of court costs to them. They argue that, because Mrs. Miller was not at fault in causing the accident, assessment of any costs to them was an abuse of discretion, citing Marcel v. Allstate Ins. Co., 536 So.2d 632 (La.App. 1 Cir.1988), wherein the court held that cost should not be assessed against the prevailing party.
Mr. Keal and USAA contend that Marcel v. Allstate Ins. Co., supra, provides that "In absence of some equitable reason, costs should not be assessed against a wholly prevailing party." Additionally, they argue that assessment of costs lies within the discretion of the trial court and should not be reversed absent an abuse of that discretion.
La. C.C.P. art. 1920 provides, in pertinent part, "the court may render judgment for costs, or any part thereof, against any party, as it may consider equitable." Only upon a showing of an abuse of discretion may an assessment of costs be reversed. Marcel v. Allstate Ins. Co., supra; Robertson v. Penn, 472 So.2d 927 (La.App. 1 Cir.1985), writ denied, 476 So.2d 353 (La.1985). Cost should not be assessed against a wholly (our emphasis) prevailing party absent some equitable reason. Marcel v. Allstate Ins. Co., supra.
The Millers did not wholly prevail in this matter. Because we did not find the trial court's assessment of fault clearly wrong, we do not find that the trial court abused its discretion in casting the Millers with 70% of court costs. This assignment of error is without merit.
Assignment of Error #3: The trial court erred in failing to award loss of consortium damages to Bryan Miller.
Lastly, the Millers contend that Mrs. Miller's injuries prevented her from performing the routine household duties which she had done before the accident and that she was also prevented from traveling to Little Rock to visit Mr. Miller who was working out of town. They suggest that Mr. Miller should have been awarded approximately *574 $5000 for loss of consortium and that the trial court erred by failing to make such an award.
Regarding Mr. Miller's claim for loss of consortium, Mr. Teal and USAA assert that the evidence did not establish that Mrs. Miller's injuries caused an adverse affect upon their relationship. Mrs. Miller testified that she was capable of performing normal activities but at a reduced rate. She further testified that her injuries inhibited her ability to travel to visit her husband, but she did not testify that she had spent any less time with him since her accident.
In deliberations concerning loss of consortium, the trier of fact is given great discretion. Mathews v. Dousay, 96-858 (La. App. 3 Cir. 1/15/97), 689 So.2d 503; Doucet v. Doug Ashy Bldg. Materials, Inc., 95-1159 (La.App. 3 Cir. 4/3/96), 671 So.2d 1148. Entitlement to loss of consortium damages is a question of fact which will not be reversed on appeal absent manifest error. Mathews v. Dousay, supra; Lonthier v. Northwest Ins. Co., 497 So.2d 774 (La.App. 3 Cir.1986).
In claim for loss of consortium, the compensable elements of damage include: 1) loss of love and affection, 2) loss of society and companionship, 3) impairment of the sexual relationship, 4) loss of performance of material services, 5) loss of financial support, 6) loss of aid and assistance, and 7) loss of fidelity. Sperandeo v. Denny's Inc., 96-328 (La.App. 5 Cir. 10/1/96), 683 So.2d 743; Seagers v. Pailet, 95-52 (La.App. 5 Cir. 5/10/95), 656 So.2d 700. Plaintiff is not required to prove every element to establish a compensable claim. Seagers v. Pailet, supra. "Services" are the uncompensated household duties, including help with the educational needs of the children, which the injured spouse is unable to perform due to the injury and which must be obtained at a price from another source. Mathews v. Dousay, supra; Lonthier v. Northwest Ins. Co., supra.
In January, 1995, Mr. Miller moved to Little Rock, Arkansas for approximately four months. During that time, Mrs. Miller traveled to Arkansas almost every weekend. Miller. Although Mrs. Miller and Mr. Miller both testified that Mrs. Miller complained of pain and numbness when she drove, apparently the injury that she suffered as a result of the accident did not prevent her from visiting Mr. Miller. Further, the Millers' testimony did not indicate any impairment of their sexual relationship after the accident, nor did their testimony establish that Mrs. Miller was incapable of performing any household duties after the accident. Mr. Miller's claim for loss of consortium was not shown by the testimony of either Mrs. Miller or Mr. Miller.
We find this assignment to be without merit as we do not find that the trial court as clearly wrong in dismissing Mr. Miller's claim for loss of consortium.
Due to our findings regarding the Millers' assignments of error, we pretermit a discussion of the errors assigned by Mr. Keal and USAA.

CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court. Costs of this proceeding are assessed against the Millers.
AFFIRMED.

APPLICATION FOR REHEARING
Before MARVIN, C.J., and NORRIS, HIGHTOWER, STEWART and GASKINS, JJ.
Rehearing denied.