720 So.2d 1258 (1998)
Pat McCROCKLIN, Stuart D. Smith, Jewell Smith and Linda M. Smith, Plaintiffs-Appellants,
v.
Earl SATERFIEL, State Farm Insurance Company and United Service Auto Association, Defendants-Appellees.
No. 31144-CA.
Court of Appeal of Louisiana, Second Circuit.
October 28, 1998.
*1259 Johnson & Placke by Don H. Johnson, West Monroe, for Appellants.
Davenport, Files & Kelly, L.L.P. by William G. Kelly, Jr., Monroe, for Appellees.
Before NORRIS, STEWART and PEATROSS, JJ.
PEATROSS, Judge.
In this personal injury action, Stuart D. Smith and Linda Smith, in their individual capacities, and Warren Cole and Stuart Smith, as the sole heirs of the deceased, Jewel Smith, ("Plaintiffs") appeal the judgment of the trial court in favor of Defendant, United Services Automobile Association ("USAA"). Plaintiffs argue: (1) the trial court erred in concluding that Linda Smith was not an "employed covered person" and not entitled to recover under the extended benefits provisions of the USAA policy; (2) the jury erred in failing to award Linda Smith any damages for her physical injuries, post traumatic stress disorder and loss of wages resulting from the accident; (3) the jury erred in failing to award Jewel Smith any damages for her physical injuries, loss of quality of life and shortened life resulting from the accident; (4) the jury erred in failing to award Stuart Smith any damages for loss of consortium resulting from the accident; and (5) the jury and the judge erred by failing to award Plaintiffs penalties and attorney fees for USAA's arbitrary and capricious refusal to pay benefits owed under the policy. USAA answered the appeal and assigns as error the award of $2,000 to Warren and Stuart Smith, as the sole heirs of the deceased, Jewel Smith, for modifications or improvements to Stuart Smith's home.

FACTS
On April 3, 1993, Linda Smith, her mother, Pat McCrocklin, and her mother-in-law, Jewel Smith, were driving in the Smith vehicle when Earl Saterfiel made a sudden left turn in front of the Smith vehicle causing the two cars to collide. Since there was no question of liability, State Farm, the insurer of the Saterfiel vehicle, paid $25,000 to Jewel Smith, $20,000 to Pat McCrocklin and $5,000 to Linda Smith. State Farm was released by Plaintiffs prior to the trial.
The USAA policy covering the Smith vehicle had liability and uninsured motorist coverage limits of $100,000/$300,000, medical payments coverage of $100,000 and extended benefits which provided disability payments of up to $48,000. Under the medical payment provisions of the policy, USAA paid $8,223.29 to Linda Smith, $44,734.76 to Jewel Smith and $1,875 to Pat McCrocklin. In addition, USAA made an unconditional tender under the UM policy of $30,000 to Jewel Smith and $7,500 to Linda Smith. Subsequently, USAA declined to pay for damages in excess of the amounts tendered and declined to pay extended benefits to Linda Smith for her disabilities because she was not an "employed covered person" under the terms of the policy. Additionally, USAA refused to reimburse Stuart Smith for $8,301.12 in alterations to his house necessary *1260 to accommodate Jewel Smith after the accident.
Plaintiffs filed suit against USAA to recover damages and disability benefits under the uninsured motorists and extended benefits provisions of the automobile insurance policy issued to Stuart Smith by USAA. Prior to trial, the trial judge ruled that Linda Smith did not qualify for disability benefits under the extended benefits provisions because she was not employed at the time of the accident. The parties agreed to submit the issue of reimbursement for modifications to Stuart Smith's home to the judge and the remainder of the issues, including penalties and attorney fees, would be submitted to the jury. After the trial, at which USAA called no witnesses, the jury denied every item of Plaintiffs' damages.

DISCUSSION
In assessing damages in cases of offenses, quasi-offenses and quasi-contracts, much discretion is left to the judge or jury. La. C.C. art. 2324.1. Before an appellate court may disturb such an award, the record must clearly reveal that the trier of fact abused its broad discretion in making the award, based on the facts and circumstances peculiar to the case and the individual under consideration. Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993); Dixon v. Tillman, 29,483 (La.App.2d Cir.5/7/97), 694 So.2d 585. In determining whether the trier of fact abused its discretion by making an excessive award, the evidence must be viewed in the light most favorable to the plaintiff, whereas an inadequate award is viewed in the light most favorable to the defendant. Sledge v. Continental Casualty Co., 25,770 (La.App.2d Cir.6/24/94), 639 So.2d 805; Higginbotham v. Ouachita Parish Police Jury, 513 So.2d 537 (La.App. 2d Cir.1987).
It is only after an articulated analysis of the facts discloses an abuse of discretion that resort to prior awards in similar cases is proper. Dixon, supra. If the award is abusively low, it is raised to the lowest amount the trier of fact could reasonably have awarded. If the award is abusively high, it is reduced to the highest amount the trier of fact could have awarded. Dixon, supra.; Day v. Silver Oaks Cas., Inc., 28,566 (La. App.2d Cir.8/21/96), 679 So.2d 486.

Damages for Jewel Smith
Plaintiffs argue that the jury abused its discretion when it failed to award Jewel Smith any additional amount in general damages. Plaintiffs contend that Jewel Smith suffered excruciating pain from the time of the accident until her death approximately 15 months later. They also claim that she lost all quality of life and that her life was shortened by the injuries resulting from the accident. USAA counters that the $55,000 Jewel Smith received from State Farm and USAA was adequate compensation for her injuries and suffering. USAA also argues that Plaintiffs did not prove Jewel Smith's life was shortened by her injuries.
We agree that the jury did not abuse its discretion in failing to award Jewel Smith additional damages. The evidence shows that prior to the accident, Jewel Smith suffered from diabetes, obesity, heart problems and multiple myeloma (a form of bone cancer). As a result of the accident, Jewel Smith suffered four fractured ribs, a fractured sternum, a bruised knee and broken bones in her right foot. Stuart and Linda Smith claim that Jewel Smith was in severe and constant pain after the accident and that she was unable to walk.
Dr. Douglas Brown, an orthopedic surgeon who treated Jewel Smith following the accident, noted in his reports, however, that when he first saw her in early May 1993 Jewel Smith showed no evidence of severe pain and she was able to climb onto the examination table without assistance. Regarding Jewel Smith's second visit to Dr. Brown on May 31, 1993, Dr. Brown stated during his deposition:
And at that point she seemed to be doing better. She felt like she was gaining some strength. Her ribs were less tender than they had been previously. There was still some tenderness over her sternum. But she was walking and she seemed to be moving more easily. The swelling around her knee was less and there was some still *1261 some tenderness, however. She was using a walker when she came in, but seemed to be handling it very well. And I felt that as well as she did that she could probably get around with a cane only, and I encouraged that.
In addition, Dr. Carlos Osmon, Jewel Smith's oncologist, stated that while she was in pain when he first saw her on June 9, 1993, he could not determine how much of the pain was attributable to the car accident and how much was attributable to the cancer. As for a shortened life, Dr. Osmon stated that while he believed Jewel Smith should have survived 3 to 4 years following the accident, his survival estimation "should be taken with a grain of salt.... It is very difficult to estimate folks survival time."
We do not doubt that Jewel Smith suffered injuries and pain as a result of the accident. As stated above, however, we are limited in our review. The jury was informed that all of Jewel Smith's medical bills had been paid by the insurance company and that State Farm and USAA had tendered Jewel Smith a total of $55,000 in damages. The verdict form asked the jury if Jewel Smith had been reasonably compensated by the money previously paid to her by the insurance companies. The jury answered in the affirmative and, based on the evidence presented, we cannot say the jury abused its discretion.

Damages for Linda Smith
As a result of the accident, Linda Smith suffered soft tissue injuries to her neck and upper back. She also claims to have suffered post-traumatic stress disorder which prevented her from driving in heavy traffic and, therefore, searching for employment. Linda alleges the jury abused its discretion by failing to award her an additional amount in general damages. Linda also claims that she should have been compensated for her lost wages, either under the extended benefits policy issued by USAA or as special damages.
Following the accident on April 26, 1993, Linda visited Dr. Adamos Karamanis, a chiropractor, complaining of neck and upper back pain. Dr. Karamanis found that Linda was suffering from spasms in the cervical area, had limited range of motion and antalgic posture (she was watching the way she carried her neck and back because of the pain). Linda was treated by Dr. Karamanis until May 28,1993, when she moved to Atlanta, Georgia. In Atlanta, Linda saw Dr. Randall Beecham in June 1993 complaining of neck pain. Dr. Beecham diagnosed Linda as suffering from cervicothoracic sprain, or sprain of the neck and back. Dr. Beecham characterized this as a soft tissue injury. Dr. Beecham prescribed physical therapy and saw Linda during three subsequent visits. At the last visit on March 3, 1994, Dr. Beecham noted that the physical therapist had released Linda and that Linda's overall range of motion had improved. She still experienced some spasms and pain in her upper neck which Dr. Beecham characterized as minimal.
On March 18, 1994, Linda first visited Dr. Paul Beecham, a psychiatrist, complaining that she was afraid to drive in traffic. Dr. Beecham diagnosed Linda as suffering from post-traumatic stress disorder resulting from the car accident. Linda's treatment for this condition involved driving assignments which placed Linda in different traffic situations. Dr. Beecham also prescribed the anti-depressant Prozac because he believed it would give Linda some additional benefit, but she never took the medication. Dr. Beecham treated Linda until December 28,1994.
Dr. Beecham stated that when he first saw Linda, she related some fear of driving, but she was able to drive on the interstate near her home and in Atlanta. Dr. Beecham also stated that Linda would drive herself to some of her appointments with him. The evidence further showed that Linda would drive herself to her other appointments and would also take Jewel Smith to some of her doctor appointments.
We conclude that the jury did not abuse its discretion by failing to award Linda Smith additional general damages for her pain and suffering. She suffered a soft tissue injury to her neck and upper back for which she ended treatment in less than a year after the accident. She also claims to have suffered from post-traumatic7 stress disorder for which she did not seek treatment until approximately *1262 11 months after the accident. Linda failed to take the medication prescribed for her by her psychiatrist and the evidence shows that she was able to drive herself and her mother-in-law to doctor appointments. We do not find that the jury abused its discretion in concluding that the $12,500 previously paid to Linda by State Farm and USAA adequately compensated her for her pain and suffering resulting from this accident.
Linda also contends that she should have received special damages for lost wages resulting from the accident, either as special damages or under the extended benefits policy issued by USAA. The jury failed to award her special damages and the judge determined that Linda did not qualify for the extended benefits because she was not an "employed covered person" at the time of the accident as required by the policy.
We conclude that the jury did not err in not awarding Linda special damages for loss of earnings. The evidence shows that Linda had taught in elementary schools for approximately 20 years, and prior to the accident, she was doing contract work for the University of New Orleans. Before the accident occurred, however, Linda had quit her position with her former employer when she refused to renew her contract in preparation for the move to Atlanta. Once in Atlanta, Linda testified she was going to look for contract work similar to what she was doing in Louisiana.
After the accident, however, Linda never pursued any type of employment. She and her husband contend that Linda was not able to rejoin the work force until November 1, 1996, over two years after the accident. Linda, nevertheless, was released by Dr. Randle Beecham in March 1994, by the physical therapist in February 1994 and by Dr. Paul Beecham in October 1994. When asked if she would have accepted a teaching position in an elementary school near her home, Linda stated that she did not know because it did not fit into her career plans to get contract work similar to what she was doing in Louisiana. We do not find the failure to award Linda special damages for loss of earnings to be an abuse of the jury's discretion.
We also conclude that the judge was correct in determining that Linda did not qualify as an "employed covered person" under the USAA policy issued to Stuart Smith. An insurance policy is a contract between the parties and should be construed employing the general rules of interpretation of contracts set forth in the Louisiana Civil Code. Collinsworth v. Foster, 28,671 (La.App.2d Cir.9/25/96), 680 So.2d 1275. An insurance policy should not be interpreted in an unreasonable or a strained manner so as to enlarge or to restrict its provisions beyond what is reasonably contemplated by its terms or so as to achieve an absurd conclusion. Collinsworth, supra.
The policy in question on a page entitled "Extended Benefits" provides:
WAGE EARNER DISABILITY BENEFIT
We will pay, during a period of total disability, 85% of income actually lost. The total disability must result from bodily injury caused by accident and be sustained by an employed covered person. (Emphasis ours.)
In their brief, Plaintiffs allege, "Clearly the policy contemplates benefits for those with a demonstrated earning capacity who are not continuously employed." We disagree with this characterization of the policy. Through this section of the extended benefits page, the insured is attempting to protect herself from a loss of income resulting from an accident. The policy refers to "income actually lost" and the paragraph is entitled "WAGE EARNER DISABILITY BENEFIT." The policy contemplates that the insured was employed on the date of the accident and had an income from such employment, but because of the accident, the insured was no longer able to earn an income.
This is not the situation in the present case. Linda decided not to enter another contract with her employer in Louisiana in December 1992. At the time of the accident, April 23, 1993, she had no income because she was not employed in any manner. Linda *1263 had voluntarily decided to not renew her contract and, thus, was no longer employed. She had no income on the date of the accident and therefore cannot seek to recover anything under this section of the policy. Since we find that the jury did not abuse its discretion in failing to award any additional damages to Linda or Jewel Smith and that the judge was correct in holding that Linda Smith did not qualify for wage earner benefits, we pretermit a discussion of whether USAA was arbitrary and capricious in its refusal to pay these claims.

Loss of Consortium of Stuart Smith
The elements of a spouse's loss of consortium claim include loss of love and affection; loss of companionship, impairment of sexual relations; loss of material services; loss of support; loss of aid and assistance; and loss of felicity. O'Riley v. City of Shreveport, 30,107 (La.App.2d Cir.1/23/98), 706 So.2d 213; Finley v. Bass, 478 So.2d 608, 614 (La.App. 2d Cir.1985). In deliberations concerning loss of consortium, the trier of fact is given great discretion. Miller v. Keal, 29,564 (La.App.2d Cir.5/7/97), 694 So.2d 569; Mathews v. Dousay, 96-858 (La.App. 3d Cir.1/15/97), 689 So.2d 503; Doucet v. Doug Ashy Bldg. Materials, Inc., 95-1159 (La.App. 3d Cir.4/3/96), 671 So.2d 1148. Entitlement to loss of consortium damages is a question of fact which will not be reversed on appeal absent manifest error. Miller, supra.; Mathews, supra; Lonthier v. Northwest Ins. Co., 497 So.2d 774 (La.App. 3d Cir.1986).
Stuart Smith argues that the jury abused its discretion by failing to award him any damages for loss of consortium. USAA contends that the jury was correct in failing to award damages for loss of consortium because Stuart presented little evidence to support such a claim. Stuart, in his brief, points to the testimony regarding Linda's pain, her inability to drive and the fact that he could not hold her because of the pain. He also stated in his testimony that the accident affected their "enjoyment of life in may ways." Beyond this, there is little evidence related to loss of consortium.
We conclude that the jury did not abuse its discretion by failing to award Stuart damages for loss of consortium. There was no evidence of how the accident affected the Smith's relationship or Linda's ability to perform typical household services. In fact, the evidence shows that Linda helped care for Stuart's mother, Jewel. The evidence also shows that Linda's sister and her five children moved into the Smith home prior to Jewel Smith's death and that this situation created some problems in the Smith family.

Reimbursement for Improvements to Stuart Home
USAA answered the appeal filed by Plaintiffs and alleged that the trial court's award of $2,000 as reimbursement to Stuart and Warren Smith for modifications or improvements to the Smith home to accommodate Jewel Smith after the accident was contrary to the law and evidence. USAA, however, failed to brief this assignment of error. Because this assignment of error was not briefed, we consider it abandoned. URCA 2-12.4; Gladney v. May, 29,373 (La.App.2d Cir.5/7/97), 697 So.2d 1022.

CONCLUSION
For the foregoing reasons, we affirm the judgment of the trial court and assess the costs of this appeal to Plaintiffs.
AFFIRMED.