SHAWANDA ROBERTSON, INDIVIDUALLY AND ON BEHALF OF HER MINOR CHILDREN, SHABAZZ HOLDEN, SHYRESE ROBERTSON AND TERRINESHA ROBERTSON; AND ASHLEY ROBERTSON
v.
GUIDEONE MUTUAL INSURANCE COMPANY, FIRST BAPTIST CHURCH OF ARCOLA, AND ROGER D. BRYANT
No. 2008 CA 2407
Court of Appeals of Louisiana, First Circuit.
June 19, 2009
Not Designated for Publication
RICHARD D. McSHAN, Counsel for Plaintiffs/Appellants Shawanda Robertson, individually and on behalf of her minor children, Shabazz Holden, Shyrese Robertson and Terrinesha Robertson; and Ashley Robertson.
MICHAEL J. TARLETON, KAREN G. ARENA, Counsel for Defendants/Appellees Guide One Mutual Insurance Company, First Baptist Church of Areola, and Roger D. Bryant.
Before: PETTIGREW, McDONALD, AND HUGHES, JJ.
HUGHES, J.
This is an appeal of a judgment of the 21st Judicial District Court that dismissed plaintiffs suit for damages based on its determination that plaintiff was 100% liable for the accident at issue.

FACTS AND PROCEDURAL HISTORY
On June 29, 2003 plaintiff, her three children, her aunt, and her cousin were driving along Louisiana Highway 10 when they were involved in an accident with a church bus. Plaintiffs filed a suit for damages against the owner of the bus, First Baptist Church of Areola, the insurer of the bus, Guide One Mutual Insurance Company, and the driver of the bus, Roger D. Bryant. At trial, after the plaintiffs presented their case-in-chief on the issue of liability, the trial court rendered judgment granting an involuntary dismissal of the claims asserted against the defendants, finding that plaintiff Shawanda Robertson was 100% liable for the accident. Plaintiffs appealed that judgment urging that the trial court had committed legal error when it: (1) examined witnesses beyond the bounds allowed by LSA-C.E. art. 614(B); (2) elicited opinion testimony from a state trooper, a lay witness; and (3) relied on evidence of reaction times not contained within the record. This court issued an unpublished opinion wherein we agreed and concluded that plaintiffs had correctly pointed out legal error. As such, the fact-finding process was interdicted. However, we determined that we were unable to conduct a proper de novo review at that time since the record was incomplete insofar as appellants had not yet introduced any evidence of their alleged damages. As such, we remanded this case to the trial court for the purpose of completing the record. Robertson v. Guideone Mutual Ins. Co., XXXX-XXXX (La. App. 1 Cir. 6/21/06) (unpublished).
The second trial was held on July 9, 2008. The parties introduced a copy of the transcript of the first trial in lieu of re-litigating the liability portion of the case. Although defendants attempted to introduce evidence of reaction times contained in the Louisiana Motor Vehicle Manual, the trial court denied the request. For the purpose of establishing their injuries and medical damages, appellants called Dr. Nicholas Cefalu to the stand.
At the conclusion of the trial, the trial court dismissed appellants' claims, finding again that Shawanda Robertson was 100% liable for the accident. Plaintiffs now appeal, assigning as error that conclusion. Plaintiffs further allege that the trial court again based its decision on evidence not found in the record.

LAW AND ARGUMENT
A court of appeal may not set aside a trial court's or a jury's finding of fact in the absence of "manifest error" or unless it is "clearly wrong." Rosell v. ESCO, 549 So.2d 840, 844 (La. 1989). However, when the trial court commits legal error that interdicts the fact-finding process, the manifest error standard is not applicable. Levy v. Bayou Indus. Maintenance Services, Inc., XXXX-XXXX, p. 7 (La. App. 1 Cir. 9/26/03), 855 So.2d 968, 974, writs denied, XXXX-XXXX, XXXX-XXXX (La. 2/6/04), 865 So.2d 724, 865 So.2d 727. This court previously concluded that appellants were correct in their allegations of legal error. The fact-finding process was interdicted. As such, the manifest error rule is not applicable to this case and we must now undertake an independent de novo review of the record and determine which party or parties should prevail by preponderance of the evidence. Ferrell v. Fireman's Fund Ins. Co., 94-1252, pp. 3-4 (La. 2/20/95), 650 So.2d 742, 745.

LIABILITY
Because no additional testimony or evidence on the issue of liability was introduced at the second trial, we incorporate the following factual synopsis from our earlier opinion:
Ms. Robertson testified at trial that on Sunday, June 29, 2003, she was driving westward on Highway 10 east of Highway 1054. Three of Ms. Robertson's children and her cousin Ashley were passengers in Ms. Robertson's vehicle. Ms. Robertson testified that although it was daylight, it was raining, and she was traveling approximately 45 to 50 miles per hour in the 55 miles-per-hour zone. As she crested a hill, she observed a bus blocking both travel lanes. Because she could not go around the bus, and she determined she could not stop in time to avoid hitting the bus, she left the roadway, veering to the right into the adjacent property. Ms. Robertson testified that she would have hit the bus if she had not steered off the roadway. She struck a fence and came to rest.
Mr. Bryant, the driver of the Church's 53-passenger bus, testified he left the travel lanes of Highway 10 and pulled into a driveway to pick up children for Sunday night services. Mr. Bryant testified he then backed the bus down the driveway. Before reentering the travel lanes of Highway 10, he stopped at the end of the driveway to see if any vehicles were coming. To assist him, Mr. Bryant had two young adult passengers look out the back of the bus. Mr. Bryant testified the highway was clear of all traffic and he backed onto the highway, blocking both lanes. Mr. Bryant testified he then shifted gears from reverse to forward and proceeded westward along Highway 10. He was adjacent to the next driveway when one of his passengers alerted him that a car behind him had left the roadway. Mr. Bryant determined that the distance from the crest of the hill to the first driveway where he had blocked the roadway was 448 feet and the distance between the two driveways was 125 feet.
Clyde Freeman, a state trooper with over nine years of experience, was sent to investigate the incident. He testified that after investigating, he determined Ms. Roberson had taken evasive action to avoid hitting the bus, and Trooper Freeman cited Mr. Bryant for improper backing, in violation of La. R.S. 32:281. Trooper Freeman did not cite Ms. Robertson for any violations.
The deposition of Jimmy Bluferd Seal (Mr. Seal), deceased at the time of trial, was offered into evidence. Mr. Seal stated he observed the incident from his home, which is located next door to the residence of the children who were picked up for transport to church services. Mr. Seal stated that at the time of the incident, it was raining very hard. He testified he saw the bus back out, Ms. Robertson attempt to stop her vehicle, and her car leave the roadway. Mr. Seal stated that when the bus backed out from the driveway onto the travel lanes, there was no traffic on Highway 10 headed in either direction. Mr. Seal also stated the bus was moving forward before Ms. Robertson crested the hill. [Footnote omitted.]
LSA-R.S. 32:124 reads as follows:
The driver of a vehicle about to enter or cross a highway from a private road, driveway, alley or building, shall stop such vehicle immediately prior to driving onto a sidewalk or onto the sidewalk area extending across any alleyway or driveway, and shall yield the right of way to any pedestrian as may be necessary to avoid collision, and shall yield the right of way to all approaching vehicles so close as to constitute an immediate hazard.
We respectfully disagree with the finding of the trial court that Ms. Robertson was 100% at fault. From our thorough examination of the record, it appears that when she topped the hill, Ms. Robertson was faced with the school bus in the process of its maneuver, likely in parts of both lanes. Ms. Robertson was on a downhill grade in heavy rain and commendably left the roadway rather than strike the church bus carrying children. We can find no fault with her actions.
However, neither can we say that Mr. Bryant was at fault. The preponderance of the evidence, including that of the plaintiff, is that Mr. Bryant began his maneuver before Ms. Robertson topped the hill and came into sight. He took precautions before entering the highway and there was no traffic in sight when he did so. We cannot say that his actions were unreasonable. Backing drivers can only do what is reasonable and possible under the circumstances of each case. They cannot be held to a strict liability standard. See Eldridge v. Carrier, 888 So.2d 365, 2004-203 (La. App. 3 Cir. 11/17/04), Silvio v. Rogers, 580 So.2d 434 (La. App. 2 Cir. 1991).
We conclude that the most likely cause of this accident was the heavy rain, which prevented Ms. Robertson from being able to avoid the accident, which may well have been avoided in dry conditions. Because we conclude that neither party was at fault, the judgment of the trial court is affirmed.

CONCLUSION
We find, after de novo review, that the plaintiff failed to establish fault on the part of Mr. Bryant and we therefore affirm the decision of the trial court. Each party will bear their own costs in this appeal.
AFFIRMED.
PETTIGREW, J., concurring.
I agree with the trial court that Mr. Bryant was free from any fault in the cause of this accident.